UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA S. REED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. FLORES, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-01876-CKD P<br><br><br><br>ORDER |

　　　　Plaintiff is a pretrial detainee proceeding pro se with an action for a violation of her civil rights under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), her request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### II. Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was in the Solano County Jail awaiting trial. On August 3, 2023, plaintiff tested positive for COVID-19 and was moved to a quarantine cell. Defendants Torres and Ruiz placed her in a quarantine cell that was covered in dried urine in retaliation for a grievance that she filed against them. When plaintiff walked to a table in order to speak to a sergeant about the filthy cell, defendant Flores grabbed her by her hair and started to pull her up a set of stairs. Defendant Flores also punched plaintiff in the left eye three times. Defendant Torres grabbed plaintiff's wrist after plaintiff clung to the stair rail and defendant Torres continued to pull on her arm. After plaintiff was forcibly placed back in the dirty quarantine cell, defendant Flores punched plaintiff three more times. Plaintiff sustained injuries, including a black eye, as a result of this use of excessive force.

Plaintiff further alleges that defendant Sorvetti, who is a supervising sergeant at the jail, cancelled her two subsequent court dates and refused to allow her to appear for court via Zoom in order to cover-up her black eye. Defendant Sorvetti also denied plaintiff the ability to meet with her criminal defense attorney so that plaintiff's injuries from the use of excessive force could not be documented.

The complaint also states that defendant Estrada covered the work shift for defendant Torres on August 2, 2023. It is unclear to the court how this is connected to the events of August 3, 2023.

With respect to filing administrative grievances concerning these events, plaintiff alleges that all of her grievances are deemed unfounded and that there is no point in pursuing these

remedies.[1]

### III. Legal Standards

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### IV. Analysis

Having conducted the required screening with respect to plaintiff's complaint, the court finds that plaintiff may proceed on the First Amendment retaliation claim against defendants Torres and Ruiz, the Fourteenth Amendment excessive force claim against defendants Flores and Torres[2], the First Amendment access to court claim against defendant Sorvetti, and the Sixth Amendment denial of access to counsel claim against defendant Sorvetti.

With respect to defendant Estrada, the factual allegations do not amount to any claim upon which plaintiff may proceed. The complaint only alleges that defendant Estrada worked the August 2, 2023 shift for defendant Torres. Plaintiff does not describe how defendant Estrada was involved in any of the alleged constitutional violations that occurred on August 3, 2023 and thereafter. As a result of this deficiency, plaintiff has two options: 1) proceed immediately on the

---

[1] The court liberally construes these allegations for the purposes of screening as relevant to the chilling effect necessary to establish a First Amendment retaliation claim. See Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

[2] The excessive force claim is proceeding under the Fourteenth Amendment rather than the Eighth Amendment because plaintiff was a pretrial detainee at the time of the events giving rise to the complaint. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).

cognizable claims identified above; or 2) attempt to cure the deficiencies in plaintiff's complaint against defendant Estrada by filing an amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (finding that district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff elects to proceed on the claims found cognizable in this screening order, the court will construe plaintiff's election as consent to dismiss defendant Estrada pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

**V.     Leave to Amend**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in her amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the First Amendment

retaliation claim against defendants Torres and Ruiz, the Fourteenth Amendment excessive force claim against defendants Flores and Torres, the First Amendment access to court claim against defendant Sorvetti, and the Sixth Amendment denial of access to counsel claim against defendant Sorvetti; or, 2) amend the complaint to fix the problems identified in this order with respect to defendant Estrada. **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will dismiss defendant Estrada pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the First Amendment retaliation claim against defendants Torres and Ruiz; the Fourteenth Amendment excessive force claim against defendants Flores and Torres; the First Amendment access to court claim against defendant Sorvetti; and, the Sixth Amendment denial of access to counsel claim against defendant Sorvetti. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to defendant Estrada.

4. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether she wants to proceed on the claims identified in this order or file an amended complaint in an attempt to cure the deficiencies in the original complaint. If plaintiff does not return the form, this action will proceed on the claim described above.

5. If plaintiff elects to proceed only on the claims found cognizable in this screening order, the court will construe plaintiff's election as consent to dismiss defendant Estrada pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

6. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claim against defendant Estrada and proceed only on the cognizable claims identified above.

Dated: November 28, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/reed1876.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA S. REED,<br><br>           Plaintiff,<br><br>    v.<br><br>J. FLORES, et al.,<br><br>           Defendants. | No. 2:23-cv-01876-CKD<br><br><br>NOTICE OF ELECTION |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the First Amendment retaliation claim against defendants Torres and Ruiz; the Fourteenth Amendment excessive force claim against defendants Flores and Torres; the First Amendment access to court claim against defendant Sorvetti; and, the Sixth Amendment denial of access to counsel claim against defendant Sorvetti. By proceeding only on these cognizable claims, plaintiff understands that she is agreeing to voluntarily dismiss without prejudice defendant Estrada pursuant to Federal Rule of Civil Procedure 41(a).

    **OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                                                                        Plaintiff's Signature