UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA S. REED,<br><br>    Plaintiff,<br><br>    v.<br><br>J. FLORES, et al.,<br><br>    Defendants. | No.  2:23-cv-1876-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Zaya Reed, a county inmate, filed this action under 42 U.S.C. § 1983, and the case was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). In the motion presently before the court, defendants Flores, Ruiz, Torres, and Sorvetti move to dismiss some of plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15.) For the reasons set forth below, the undersigned recommends the motion to dismiss be granted in part and denied in part.

**PROCEDURAL BACKGROUND**

Plaintiff filed the operative complaint on August 31, 2023. (ECF No. 1.) For screening purposes, the undersigned found the complaint stated the following potential claims: a First Amendment retaliation claim against defendants Torres and Ruiz; a Fourteenth Amendment excessive force claim against defendants Torres and Ruiz; a First Amendment access to court claim against defendant Sorvetti; and a Sixth Amendment denial of access to counsel claim

1

1  against defendant Sorvetti. (ECF No. 7.) Plaintiff elected to proceed on these claims and
2  voluntarily dismissed other claims and defendants. (ECF No. 9.)
3       On April 23, 2024, defendants filed the motion to dismiss presently before the court. (ECF
4  No. 15.) Plaintiff opposed the motion. (ECF No. 21.) Defendants filed a reply. (ECF No. 22.)
5  Plaintiff filed an unauthorized sur-reply. (ECF No. 23.) Plaintiff then filed a further unauthorized
6  opposition to the motion to dismiss. (ECF No. 24.)
7       For the briefing of a motion to dismiss, this court's Local Rules provide for a motion, an
8  opposition, and a reply. See Local Rule 230(m). Neither the Local Rules nor the Federal Rules
9  provide the right to file a sur-reply or a second opposition to a motion. District courts have the
10 discretion to either permit or preclude such a filing. Some courts hold such discretion should be
11 exercised in favor of allowing such a filing only where a valid reason for such additional briefing
12 exists, such as where the movant raises new arguments in its reply brief. See, e.g., Cain v. Int'l
13 Fruit Genetics, LLC, No. 1:23-CV-01249-JLT-CDB, 2024 WL 4570605, at *2 (E.D. Cal. Oct. 24,
14 2024).
15      Having reviewed the contents of the two unauthorized filings, the court will exercise
16 discretion to preclude and strike them in this instance. Plaintiff has not shown a valid reason for
17 briefing beyond what is provided by the court's rules. Plaintiff did not obtain the court's leave
18 and does not establish good cause for consideration of the additional documents filed after
19 defendants' reply brief.

**ALLEGATIONS IN THE COMPLAINT**

21      At all times relevant to the allegations in the complaint, plaintiff was in the Solano County
22 Jail awaiting trial. On August 3, 2023, plaintiff tested positive for COVID-19 and was moved to
23 a quarantine cell. Defendants Torres and Ruiz placed plaintiff in a quarantine cell that was
24 covered in dried urine in retaliation for a grievance she filed against them. When plaintiff
25 approached a sergeant to speak about the filthy cell, defendant Flores grabbed plaintiff by her hair
26 and started to pull her up a set of stairs. Defendant Flores also punched plaintiff in the left eye
27 three times. Defendant Torres grabbed plaintiff's wrist after plaintiff clung to the stair rail and
28 continued to pull on plaintiff's arm. After plaintiff was forcibly placed back in the dirty

2

1 quarantine cell, defendant Flores punched plaintiff three more times. Plaintiff sustained injuries, including a black eye.

In addition, plaintiff alleges that defendant Sorvetti, who is a supervising sergeant at the jail, cancelled two of plaintiff's court dates due to COVID-19 and refused to allow her to appear for court via Zoom in an attempt to cover-up her black eye. Defendant Sorvetti also denied plaintiff the ability to meet with her criminal defense attorney to prevent timely documentation of plaintiff's injuries from the use of excessive force.

**APPLICABLE STANDARD**

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon, 467 U.S. at 73. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). Nevertheless, a court's liberal interpretation of a pro se complaint may not supply essential elements that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In addition, the court need not assume the truth of legal conclusions cast in the form of

factual allegations. U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court may consider material that is properly submitted as part of the complaint and documents that are not physically attached to the complaint where their authenticity is not contested and the plaintiffs' complaint necessarily relies on them. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see also Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)). The court can also consider any matters properly subject to judicial notice. Lee, 250 F.3d at 689.

**DISCUSSION**

Defendants argue that plaintiff failed to allege sufficient facts to state a claim for violations of her (1) First Amendment rights based on retaliation, (2) First Amendment rights based on access to courts, and (3) Sixth Amendment rights based on denial of access to counsel. (ECF No. 15-1 at 8-13.) Defendants also argue they are entitled to qualified immunity. (Id. at 13-15.)

At the outset, the standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted is identical to the standard under 28 U.S.C. § 1915A(b). Nevertheless, a court's finding that a complaint states a cognizable claim at screening under 28 U.S.C. § 1915A does not preclude the court from dismissing the complaint later for failure to state a claim under Rule 12(b)(6). See Easley v. Pinnell, 182 F.3d 924, n. 3 (9th Cir. 1999).

    **I.**    **First Amendment Retaliation Claims**

Within the prison or jail context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his or her First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations

omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

As to defendant Ruiz, defendants argue the claim fails because plaintiff does not allege defendant Ruiz was aware of plaintiff's grievance or its contents. (ECF No. 15-1 at 10.) Defendants allege the subject of the grievance was plaintiff's interaction with defendant Torres only. (Id. at 10.) To the contrary, though, plaintiff alleges she filed "a grievance on Ms. Torres and Ms. Ruiz" on August 2, 2023 (Grievance #23001458) for harassment. (ECF No. 1 at 5; see also id. at 9 ("I [filed] a grievance on Ms. Ruiz tower officer and Ms. Torres floor officer for harassment").) The contents of plaintiff's grievance are not before the court, but plaintiff has adequately alleged facts supporting a plausible inference that both defendants were aware of plaintiff's grievance and its contents.

In addition, plaintiff adequately alleged adverse action by the defendants. An adverse action is one that would chill or silence a person of ordinary firmness from future First Amendment activities or cause the prisoner to suffer more than minimal harm. See Rhodes, 408 F.3d at 567-68, n. 11. Plaintiff was not required to specifically allege that defendants had knowledge that the cell had puddles of dried urine in order to state a plausible claim, as defendants argue. It suffices that plaintiff alleged facts suggesting the cell plainly had a visible yellow stain and a smell. (ECF No. 1 at 5.) Plaintiff also alleges she complained about the cell's conditions, suggesting she alerted the defendants, to no avail. (Id.)

The facts alleged also suffice to suggest improper motive. In this context, a plaintiff must plead facts that support a reasonable inference that the exercise of her constitutionally protected rights was the "substantial" or "motivating" factor behind a defendant's challenged conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 419 U.S. 274, 287 (1977)). Under the complaint's allegations, defendants placed plaintiff in the cell with puddles of dried urine shortly after plaintiff filed a grievance complaining about the defendants' harassment. See Ylst, 351 F.3d at 1288 ("'timing can properly be considered as circumstantial evidence of retaliatory intent'") (quoting Pratt v. Rowland, 65 F.3d 802, 808). The complaint adequately alleges a nexus between plaintiff's

protected speech and the alleged adverse action.

Plaintiff's complaint states a viable claim of First Amendment retaliation against defendants Torres and Ruiz. The motion to dismiss should be denied on this asserted ground.

## II. First Amendment Access to Courts Claim

Defendants argue plaintiff's claim premised on a right of access to the courts should be dismissed because plaintiff has not identified a nonfrivolous legal claim that has been frustrated or is being impeded. (ECF No. 15-1 at 11-12.) They argue plaintiff was represented by her court-appointed counsel in her criminal case and fails to allege an actual injury in any civil case. (Id.)

Inmates have a fundamental constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). This right is limited to direct criminal appeals, habeas petitions, and civil rights cases brought under 42 U.S.C. § 1983. Id. at 354. In order to state a claim for the denial of court access, a prisoner must have suffered an actual injury. Id. at 349. Actual injury in this context is "actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy lost in order to give fair notice of the allegations. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3).

As an alleged pre-trial detainee, plaintiff additionally had a substantive due process right to be free from restrictions that amount to punishment. See Bell v. Wolfish, 441 U.S. 520, 539 (1979); Simmons v. Sacramento Cnty. Superior Ct., 318 F.3d 1156, 1160 (9th Cir. 2003). The actual injury requirement for an access to courts claim applies to pretrial detainee. See Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (affirming summary judgment of pretrial detainee's access to courts claim where detainee "did not allege injury, such as an inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library").

Plaintiff has not described an actual injury such as the inability to meet a filing deadline or present a claim. To the contrary, plaintiff presented and is litigating her claim of excessive force in the present case. Plaintiff also has not described a specific remedy that was lost. The right of

access to the courts is a right to bring petitions or complaints to the court and not a right to discover such claims or even to litigate them effectively once filed with a court. Lewis, 518 U.S. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or a civil rights complaint of a person in state custody will reach a court for consideration."). With respect to an existing case, the actual injury must be "actual prejudice ... such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348-49.

Under the circumstances, allegations that defendant Sorvetti prevented plaintiff from appearing in court to cover up her black eye do not satisfy the actual injury requirement. See Lewis, 518 U.S. at 354; Pullen v. Broughton, No. 1:19-CV-811, 2020 WL 12880778, at *6 (S.D. Ohio July 27, 2020), report and recommendation adopted, No. 1:19-CV-811, 2021 WL 6194719 (S.D. Ohio Dec. 30, 2021) (alleged failure to preserve video evidence did not constitute an actual injury sufficient to state an access to courts claim). In the absence of factual allegations setting forth an actual injury to contemplated or existing litigation, plaintiff's access to courts claim should be dismissed. See Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

### III.  Sixth Amendment Access to Counsel Claim

Defendants also seek to dismiss plaintiff's Sixth Amendment claim against defendant Sorvetti. Defendants argue the claim fails because plaintiff had no right to access to her criminal defense attorney for the purpose of collecting evidence of an alleged use of excessive force to support a civil rights lawsuit. (ECF No. 15-1 at 12-13.)

Criminal defendants have a Sixth Amendment right to assistance of counsel, including for state court proceedings. Gideon v. Wainwright, 372 U.S. 335, 339-41 (1963). The right to counsel is violated when (1) "the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel," and (2) the interference "substantially prejudices the criminal defendant." Nordstrom v. Ryan, 856 F.3d 1265, 1271 (9th Cir. 2017) (citation omitted). In order to state a claim for the denial of access to counsel, plaintiff must show

her criminal case was prejudiced by defendant's alleged conduct. See United States v. Mayo, 646 F.2d 369, 373 (9th Cir.), cert. denied, Dondich v. United States, 454 U.S. 1127 (1981); United States v. Danielson, 325 F.3d 1054, 1069 (9th Cir. 2003) ("improper interference by the government with the confidential relationship between a criminal defendant and his counsel violates the Sixth Amendment only if such interference 'substantially prejudices' the defendant").

As to her criminal case, plaintiff alleges she was forced to waive time and forego her speedy trial right. (ECF No. 1 at 8.) Specifically, plaintiff alleges she did so on her attorney's advice due to having a black eye and to avoid being seen with a black eye in front of a jury. (Id. at 7-8.) Due to defendant Sorvetti's alleged interference with plaintiff's court dates and access to defense counsel, there was a six-day delay in plaintiff's attorney learning about plaintiff's injuries from the alleged use of excessive force by defendants Torres and Ruiz. (Id.) A six-day delay in receiving counsel's advice regarding plaintiff's speedy trial right does not suggest plaintiff suffered any substantial prejudice with regard to her criminal case. Plaintiff has not alleged any action by defendant Sorvetti which caused substantial prejudice to plaintiff's criminal case. A liberal interpretation of the complaint may not supply an essential element of the claim not pled. Ivey, 673 F.2d at 268. Accordingly, plaintiff's the Sixth Amendment access to counsel claim should be dismissed.

### C. Qualified Immunity

Defendants argue they are entitled to qualified immunity from suit. (ECF No. 15-1 at 14-15.) Because plaintiff's access to courts and access to counsel claims should be dismissed for failure to state a claim, the court need not analyze qualified immunity as to those claims. As to plaintiff's retaliation claim, defendants argue they are entitled to qualified immunity from suit because plaintiff failed to allege a violation of a constitutional right and because the alleged right to a clean jail cell is not a clearly established right. (ECF No. 15-1 at 14-15.)

Qualified immunity applies when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. District of Columbia v. Wesby, 583 U.S. 48, 62-63 (2018); White v. Pauly, 580 U.S. 73, 78-79 (2017). Whether a government officer is entitled to qualified immunity rests on the answer to two

1  questions: (1) "whether the officer violated a plaintiff's constitutional right" and (2) if there was a
2  violation, "whether the constitutional right was clearly established in light of the specific context
3  of the case at the time of the events in question." Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir.
4  2011) (en banc) (internal quotation marks omitted); see also Saucier v. Katz, 533 U.S. 194, 201
5  (2001) (setting forth two-step test), overruled in part by Pearson v. Callahan, 555 U.S. 223, 236
6  (2009) (district court has discretion in deciding which of the two prongs of the qualified immunity
7  analysis should be addressed first).

8      As set forth above, plaintiff stated a cognizable claim for retaliation against defendants
9  Torres and Ruiz. Thus, the court considers whether the right they allegedly violated was clearly
10 established.

11     "Clearly established" means the statutory or constitutional question was "beyond debate"
12 such that every reasonable official would understand that what he is doing is unlawful. See
13 Wesby, 583 U.S. at 63; Vos v. City of Newport Beach, 892 F.3d 1024, 1035 (9th Cir. 2018);
14 Perez v. City of Roseville, 882 F.3d 843, 856-57 (9th Cir. 2018) (holding that Ninth Circuit
15 precedent is sufficient to meet the "clearly established" prong of qualified immunity). A case
16 "directly on point" is not required. Wesby, 583 U.S. at 64; Vos, 892 F.3d at 1035. Nonetheless,
17 courts must define the law with a "high degree of specificity" when applying qualified immunity.
18 Wesby, 583 U.S. at 63. The key question is "whether the violative nature of particular conduct is
19 clearly established" in the specific context of the case. Vos, 892 F.3d at 1035.

20     Defendants are not entitled to qualified immunity on the reasoning that the alleged right to
21 a clean jail cell is not a clearly established right. That is not the right at issue. The right at issue is
22 the right not to be placed in a dirty cell such as a cell covered in dry urine without a legitimate
23 correctional reason and, instead, because plaintiff filed a grievance against the defendants. An
24 inmate's right to be free from adverse action taken because of protected conduct in the form of
25 inmate grievances was established well before 2023. See Ylst, 351 F.3d at 1288. Accepting the
26 allegations of the complaint as true, no reasonable officer would have thought it lawful in 2023 to
27 place an inmate in a cell covered in dried urine without a legitimate correctional goal because
28 plaintiff filed a grievance against the defendants. Defendants Ruiz and Torres are not entitled to

qualified immunity at this stage of the case.

### D. Leave to Amend

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). However, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also See Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (a district court "determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility").

In recommending that plaintiff's access to courts and access to counsel claims be dismissed, the court has construed the facts in the light most favorable to plaintiff. In opposition, plaintiff has offered no further facts to suggest an amendment could cure the deficiencies in the complaint as to these claims. Accordingly, it appears granting leave to amend would be futile, and the dismissal should be without leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### PLAIN LANGUAGE SUMMARY FOR PRO SE PARTY

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

After reviewing your complaint further along with the defendants' motion, the undersigned is recommending your claims against defendant Sorvetti be dismissed. Because it appears you cannot allege facts to state an access to courts claim or an access to counsel claim, the dismissal would be without leave to amend. If this recommendation is adopted, your case would proceed only on your retaliation and excessive force claims against defendants Torres and Ruiz. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations" and set forth any additional facts you can allege to state an access to courts or access to counsel claim.

////

////

**ORDER AND RECOMMENDATION**

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's unauthorized sur-reply (ECF No. 23) and unauthorized second opposition (ECF No. 24) to defendants' motion to dismiss are stricken.

2. The Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED that the defendants' motion to dismiss (ECF No. 15) be granted in part and denied in part, as follows: granted as to the access to courts claim and access to counsel claim against defendant Sorvetti and denied as to the retaliation claim against defendants Torres and Ruiz.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, reed1876.mtd