UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYA S. REED,<br><br>              Plaintiff,<br><br>       v.<br><br>J. FLORES, et al.,<br><br>              Defendants. | No. 2:23-cv-1876 TLN CKD P<br><br>ORDER |

Plaintiff is a county inmate proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff's "Motion for Appointment of Counsel and/or Summary Judgment" is before the court. (ECF No. 34.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

1   The burden of demonstrating exceptional circumstances is on the plaintiff. Palmer v.
2   Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Circumstances common to most prisoners, such as
3   lack of legal education and limited law library access, do not establish exceptional circumstances.
4   Plaintiff does not identify any exceptional circumstances warranting the appointment of counsel
5   at this time.

6   Plaintiff also states plaintiff is "requesting a motion for summary judgment" while
7   discovery is still pending because plaintiff has "provided all parties with discovery… and
8   [cannot] draw out any more discovery that would raise genuine issues of material fact[.]" (ECF
9   No. 34 at 1.) To the extent plaintiff is seeking to modify the case schedule for summary judgment
10  motions, the motion is denied because plaintiff has not shown good cause. See Fed. R. Civ. P.
11  16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In
12  particular, defendants are entitled to continue conducting discovery through the close of the
13  period set for discovery for the purpose of obtaining their own evidence.[1]

14  To any extent plaintiff is asking the court to enter summary judgment or summary
15  adjudication in plaintiff's favor, the motion is denied as premature and procedurally improper.
16  Plaintiff is informed that Rule 56 of the Federal Rules of Civil Procedure governs motions for
17  summary judgment. A motion for summary judgment, and a party's opposition to a motion for
18  summary judgment, both generally require the submission of evidence, such as declarations,
19  depositions, answers to interrogatories, or authenticated documents. See Fed. R. Civ. P. 56.

20  For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's request for the
21  appointment of counsel and/or summary judgment (ECF No. 34) is denied without prejudice.

22  Dated:  May 8, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, reed1876.31.sj

---

[1] Under the current case schedule, discovery closes on July 18, 2025, and any motions for summary judgment must be filed on or before October 10, 2025. (See ECF No. 32.)

2